# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

BRP US INC.,

                Plaintiff,

     v.                                                          Case No. 07-C-764

LINAMAR CORP.,

                Defendant.

_____

## ORDER

       The plaintiff, BRP US INC. ("BRP"), filed an expedited motion for a protective order on March 10, 2008. The proposed protective order would apply to all materials produced in the course of discovery associated with BRP's purchase of crankshafts from Atlas Industries, Inc ("Atlas"). Under the proposed protective order, BRP and Atlas may designate as confidential materials related to their business relationship. In response, defendant Linamar Corp. ("Linamar") objects to BRP's proposed protective order to the extent that it is too broad. Linamar notes that not every single document produced in response its discovery requests will contain legitimately proprietary business information. Linamar expressed concern that the proposed protective order would cause significant delay if Atlas is permitted to review each and every document prior to production.

       As noted in the court order dated November 27, 2007, the court will not sign a protective order unless the moving party demonstrates good cause for doing so, and unless the order is narrowly constructed to shield only the information that deserves protection. Here, BRP's proposed protective order specifically applies to

materials produced in the course of discovery associated with BRP's purchase of outboard marine engine crankshafts from Atlas. According to BRP, these materials are subject to a confidentiality agreement between BRP and Atlas, and Linamar and Atlas are direct competitors. Given that the proposed protective order appears to be narrowly tailored to apply to a specific category of documents, and Linamar and Atlas are direct competitors, the court concludes that good cause exists to justify the proposed protective order. *See, e.g., Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978) (noting that courts have refused to permit their files to become sources of business information that might harm a litigant's competitive standing); *SmithKline Beecham Corp. v. Pentech Pharms.*, Inc., 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (granting motion to seal portions of a settlement agreement because it contains information that might give competitors an unearned advantage). In addition, it appears BRP will not be unduly prejudiced if the court enters the protective order because discovery does not close until June 30, 2008. As such, the court will sign BRP's proposed protective order.

Also before the court, Linamar filed a motion to compel BRP to produce documents responsive to Linamar's discovery requests. BRP refused to respond to the discovery requests until its proposed protective order was entered by the court. Given that the court will enter BRP's proposed protective order, and BRP has indicated that it will provide the documents once the protective order is entered, Linamar's motion to compel will be denied as moot.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for a protective order (Docket #20) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant's motion to compel (Docket #23) be and the same is hereby **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge