UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| BRP US INC., a Delaware Corporation | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:07-CV-00764 |
| v. | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Linamar Corporation, a Canadian Corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS

The plaintiff, BRP US INC., having filed a Motion Seeking a Protective Order Regarding Discovery Materials associated with its business relationship with Atlas Industries, Inc. and the Court having concluded that there being a showing of good cause regarding the issuance of the requested Order;

IT IS ORDERED that, pursuant to F.ed.R.Civ.P. 26(c) and Civil L.R. 26.4 that discovery materials concerning BRP US INC.'s business relationship with Atlas Industries, Inc. ("Atlas Discovery") take place pursuant to the terms of the following Protective Order:

(a) All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, and all deposition answers to interrogatories, all answers to requests for admission, all documents produced by Atlas Industries, Inc. and all deposition testimony related to BRP US INC.'s business relationship with Atlas Industries, Ltd. shall take place the following terms and conditions:

   (1) BRP US INC. and Atlas Industries, Inc. may designate pursuant to the terms of this Order discovery materials related to the business relationship between BRP US INC. and Atlas Industries, Inc. confidential.

   (2) Designation of confidential Atlas Discovery shall be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced

for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(3) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken.

(4) Information or documents designated as confidential shall not be used or disclosed by the parties or counsel for the parties or any persons identified in Subparagraph (5) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(5) The parties and counsel for the parties must not disclose or permit the disclosure of any Atlas Discovery designated as confidential to any other person or entity; except that disclosures may be made in the following circumstances:

    (i) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

    (ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

    (iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this rule.

2

       (iv)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this rule requiring that the documents and information be held in confidence.

(6) Except as provided in Subparagraph (5), counsel for the parties must keep all Atlas Discovery designated as confidential which are received secure within their exclusive possession and must place such documents in a secure area.

(7) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Atlas Discovery designated as confidential, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

(8) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this rule may also be made on the envelope.

(b) The designation of confidentiality by a party may be challenged by the opponent upon motion. The movant must accompany such a motion with the statement required by Civil L.R. 37.1.

(c) At the conclusion of the litigation, all Atlas Discovery not received in evidence and treated as confidential must be returned to the originating party. If the parties so stipulated, the material may be destroyed.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2008.

                                            BY THE COURT:

                                            J.P. Stadtmueller
                                            U.S. District Judge